UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRESHA SUMAR,

        Plaintiff,                  **MEMORANDUM AND ORDER**
                                          22-CV-7390 (RPK) (MMH)
    v.

THE BROOKLYN HOSPITAL CENTER,

        Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Tresha Sumar brings this action against the Brooklyn Hospital Center, claiming that she suffered employment discrimination on account of her religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). For the reasons explained below, defendant's motion to dismiss is granted.

## BACKGROUND

    The factual allegations in plaintiff's complaint, which consist of only a few sentences, are assumed true for the purposes of this order. On an unspecified date, plaintiff received an email from defendant instructing her that if she had not yet received a COVID vaccine, she should request a religious exemption. *See* Compl. 5 (Dkt. #1). Plaintiff submitted an exemption request. *Ibid.* On September 28, 2021,[1] the day after exemption requests were due, plaintiff's manager Madeline Correa called plaintiff, stated that "[plaintiff] had to leave," and provided plaintiff with the human resources department's phone number. *Ibid.* Plaintiff called human resources and spoke with an employee, who explained that plaintiff "could not work without the vaccination,"

---

[1] Plaintiff's factual allegations state that the above-described incident occurred on September 28, 2022, rather than September 28, 2021. *See* Compl. 5. But elsewhere in the complaint, plaintiff lists the date of "alleged discriminatory acts" as September 28, 2021, and the date that she filed a charge with the Equal Employment Opportunity Commission as October 21, 2021. *See id.* at 4, 6. Therefore, the reference to "2022" rather than "2021" is assumed to be a typographical error.

1

refused to give plaintiff that statement "in writing," and told plaintiff that she "could not be on Brooklyn Hospital Center premises and . . . had to leave." *Ibid.*

Plaintiff alleges that she filed a charge of employment discrimination with the Equal Employment Opportunity Commission in October 2021 and received a Notice of Right to Sue letter in September 2022. *See id.* at 6. Plaintiff then commenced this action in federal court, alleging defendant discriminated against her in violation of Title VII. Plaintiff seeks damages for lost wages and other harms. *Ibid.*

Defendant now moves to dismiss the complaint for failure to state a claim on multiple grounds, including that plaintiff has not plausibly alleged that she was employed by defendant and that plaintiff has failed to plausibly allege religious discrimination. Mot. to Dismiss (Dkt. #19). While acknowledging that a motion to dismiss must be decided based solely on the facts set out in the complaint or amenable to judicial notice, defendant's counsel avers in a sworn declaration attached to the motion that plaintiff has never been employed by defendant but was instead "a temporary contract worker engaged through the staffing firm Network ESC – A Division of Network Temps, Inc." Decl. of Erik P. Pramschufer 2 (Dkt. #19-2).

Plaintiff did not file a response to the motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556–57 ) (quotation marks omitted). In contrast, a complaint fails to state a plausible claim when, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or when, as a matter of fact, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679. Though the court must accept all facts alleged in the complaint as true, it need not adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

When a plaintiff proceeds *pro se*, her complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

At the motion-to-dismiss stage, a court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999).

## DISCUSSION

Title VII makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual" in her employment "because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). The statute defines "religion" to include "all aspects of religious observance and

3

practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 2000e(j).

To establish a *prima facie* case of religious discrimination under Title VII, an employee must plausibly allege that "(1) [s]he held a bona fide religious belief conflicting with an employment requirement; (2) [s]he informed h[er] employer of this belief; and (3) [s]he was disciplined for failing to comply with the conflicting employment requirement." *Patel v. NYU Langone Hosps.*, No. 20-112, 2021 WL 4852426, at *2 (2d Cir. Oct. 19, 2021). If the employee makes out a *prima facie* case, the employer must show that it offered the employee "a reasonable accommodation," or that "doing so would [have] cause[d] the employer to suffer an undue hardship." *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (citation omitted).

Here, liberally construing plaintiff's allegations "so as to raise the strongest arguments that they suggest," *Triestman*, 470 F.3d at 472 (citation and alterations omitted), plaintiff claims that Brooklyn Hospital Center discriminated against her on account of her religion because she requested a religious exemption from the hospital's vaccination requirement and was subsequently barred from working at the hospital because she was unvaccinated. Plaintiff's claim fails for several reasons.

As a threshold matter, the complaint does not actually allege that an employment relationship existed between plaintiff and defendant. "[T]he existence of an employer-employee relationship is a primary element of Title VII claims," *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006), as Title VII covers only "'employees,' not independent contractors,'" *Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir. 2000) (citation omitted). Plaintiff's factual narrative fails to allege any facts indicating that an employer-

4

employee relationship existed between her and defendant. *See* Compl. 5. Nor did plaintiff plausibly allege such a relationship simply by checking boxes on the *pro se* complaint form indicating she suffered "discrimination in employment" and "termination of . . . employment," *id.* at 3–4. Those bare references to "employment" are too conclusory to constitute a plausible allegation that defendant was plaintiff's employer under Title VII. *See, e.g., Harris v. New York*, No. 20-CV-8827 (LAP), 2022 WL 445776, at *3 (S.D.N.Y. Feb. 14, 2022) (plaintiff failed to plausibly allege employment relationship when complaint alleged that the State "employed Plaintiff within the meaning of Title VII" but did not "allege[] facts to support [those] conclusory assertions"); *Lans v. Kiska Constr. Corp.*, No. 96-CV-4114 (KMW) (AJP), 1997 WL 313162, at *5 (S.D.N.Y. Apr. 18, 1997) (complaint failed to plausibly allege Title VII employment relationship when the "complaint states in conclusory terms that the [defendant] is her 'employer,' but fails to assert any *facts* supporting the employment relationship allegation"); *cf. McCray v. City Univ. of N.Y.*, No. 10-CV-3152 (PAC) (DF), 2011 WL 1197467, at *5 (S.D.N.Y. Mar. 25, 2011) (plaintiff failed to state a Title VII claim in part because plaintiff "failed to allege any facts" to plausibly suggest that defendant was her employer).

Plaintiff also fails to plausibly allege a *prima facie* case of religious discrimination. While plaintiff states that she submitted a request for a "religious exemption" from her employer's vaccine requirement, Compl. 5, the mere fact that plaintiff invoked the religious-exemption category does not amount to a plausible allegation that she meets the requirements for doing so— namely, holding "a bona fide religious belief conflicting with [the COVID vaccination] requirement." *Patel*, 2021 WL 4852426, at *2. Indeed, some courts have found even general allegations of a religious belief conflicting with the vaccine requirement—more than plaintiff alleges here—to be inadequate, without more, "to state a claim for religious discrimination under

Title VII." *Cagle v. Weill Cornell Med.*, No. 22-CV-6951 (LJL), 2023 WL 4296119, at *4 (S.D.N.Y. June 30, 2023); *see also Marte v. Montefiore Med. Ctr.*, No. 22-CV-03491 (CM), 2022 WL 7059182, at *3 (S.D.N.Y. Oct. 12, 2022) (holding that even though plaintiff pleaded that she was "a Born-Again Christian, which could give rise to a bona fide religious belief" and that she was "unwilling to receive the COVID-19 vaccinations," "the complaint itself never alleges that Plaintiff had a bona fide religious belief that conflicted with the mandate"). Though *pro se* complaints must be liberally construed, courts "cannot read into *pro se* submissions . . . arguments that the submissions themselves do not suggest." *Triestman*, 470 F.3d at 477 (citation and quotation marks omitted). Accordingly, plaintiff has failed to plausibly allege religious discrimination.

Plaintiff is granted leave to amend her complaint. "A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (citation, quotation marks, and alterations omitted). While plaintiff's complaint as currently pled fails to state a claim for relief, I cannot "rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000) (citation omitted). Any amended complaint must be filed within thirty days. The amended complaint must identify each legal claim and set forth a short, plain statement of the relevant facts supporting it.

## CONCLUSION

Defendant's motion to dismiss is granted, and the complaint is dismissed without prejudice. All further proceedings are stayed for thirty days. If plaintiff does not file an amended complaint within thirty days, judgment shall be entered dismissing the case.

SO ORDERED.

                                          */s/ Rachel Kovner*
                                          RACHEL P. KOVNER
                                          United States District Judge

Dated:  December 13, 2023
         Brooklyn, New York